# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41036
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS GUERRA, also known as Guero,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-874-3

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Carlos Guerra appeals the 210-month sentence the district court imposed after he pleaded guilty to (1) conspiracy to possess with intent to distribute a controlled substance involving 1000 kilograms or more of marijuana and five kilograms or more of a mixture or substance containing a detectable amount of cocaine and (2) conspiracy to possess with intent to distribute a controlled substance involving 1,000 kilograms or more of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marijuana.   Guerra argues that the district court erred in overruling his objection to the lack of a mitigating role reduction pursuant to U.S.S.G. § 3B1.2.

Whether Guerra was a minimal or minor participant is a factual determination that we review for clear error.  *See United States v. Alaniz*, 726 F.3d 586, 626 (5th Cir. 2013).  Guerra does not establish by a preponderance of the evidence that he played a minimal role in the conspiracy.  *See* § 3B1.2, comment. (n.4); *see also Alaniz*, 726 F.3d at 626; *United States v. De Jesus-Batres*, 410 F.3d 154, 163 (5th Cir. 2005).  Nor does he establish that he played a "substantially less culpable" role than the "average participant" in the drug distribution organization or that his role was "peripheral to the advancement" of the organization's illegal activities.  *United States v. Villanueva*, 408 F.3d 193, 203-04 (5th Cir. 2005); *see Alaniz*, 726 F.3d at 626; *De Jesus-Batres*, 410 F.3d at 163; *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001); § 3B1.2, comment. (n.5).  Accordingly, the district court's finding that Guerra was not deserving of a minor role adjustment is not clearly erroneous.  *See United States v. Valdez*, 726 F.3d 684, 692 (5th Cir. 2013); *Villanueva*, 408 F.3d at 204.  The judgment of the district court is AFFIRMED.